# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RAYMOND ENGLE, | : | |
| Petitioner, | : | Case No. 3:09cv00451 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| TERRY J. COLLINS,<br>In his Official Capacity, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. Introduction

Petitioner Raymond Engle, a resident of Dayton, Ohio, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. He seeks an Order reversing and dismissing a prior criminal case pending against him in the Montgomery County, Ohio Court of Common Pleas (case no. 07CR1128) and "the expungement of said record." (Doc. #2 at 16). He also seeks an Order reinstating him "back into Wright State University in good standing" and restricting Respondent from "disseminating, distributing, or circulating the allegation of rape which Respondent is/was without the jurisdiction to do so." *Id*. Engle further seeks injunctive relief requiring this expungement and prohibiting Respondent and other state officials from disseminating, distributing, or circulating and derogatory, inflammatory, or slanderous allegation against

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

him.  (Doc. #4 at 21-22).  And, lastly, Engle seeks an Order requiring Respondent to pay "the cost of reinstating [him] back into Wright State University in good standing since [he] only had nine (9) months left to obtain his Bachelor degree in business management." *Id*.

The case is presently pending upon Engle's Petition for Writ of Habeas Corpus (Doc. #2), his Motion and Amended Motion For Preliminary Injunction and Temporary Restraining Order and Mandamus (Doc. #3, 4), and the record as a whole.

Rule 4 of the Rules Governing §2254 Cases requires this Court to promptly examine each habeas corpus petition, and any attached exhibits, and to dismiss the petition if it plainly appears that the petitioner is not entitled to relief.  *See, e.g., Clark v. Waller*, 490 F.3d 551 (6th Cir. 2007)(affirming district court's sua sponte dismissal of habeas petition).  If the Petition is not subject to sua sponte dismissal, the district judge "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 4, Rules Governing §2254 Cases, 28 U.S.C. §2254, foll.

## II. <u>Procedural History</u>

Engle had endured a somewhat unusual journey through the Ohio courts, which, as will be seen, remains ongoing at the present time.

On July 23, 2007, a jury in the Montgomery County, Ohio Court of Common Pleas found Engle guilty of burglary and gross sexual imposition (case no. 07CR1128).  (Doc. #2 at 1-2).  The trial court sentenced him to 9½ years in prison.  *Id*. at 1.

Engle filed a direct appeal his convictions in the Ohio Court of Appeals raising various claims.  He describes those claims in his present habeas petition as follows:

> Failure to obtain a valid waiver of counsel; Insufficient evidence/manifest miscarriage of justice; show-up identification and photospread unduly suggestive and prejudicial; failure to adhere to statutory sentencing guidelines; double jeopardy; ineffective assistance of appellate counsel.

(Doc. #2 at 2).

While Engle's direct appeal was pending, he took several additional actions. In July 2008 he filed a pro se Supplemental Brief in the Ohio Court of Appeals. (Doc. #2 at 3; Doc. #4 at 19). His present habeas petition lists his claims as "perjury; insufficient evidence; ineffective assistance of appellate counsel; denial of access to court." (Doc. #2 at 3). According to Engle, his Supplemental Brief was "struck from the record. *Id*. at 4.

Engle also indicates in his present habeas Petition that he filed a mandamus action in the Ohio Court of Appeals in October 2008 asserting a "Denial of Appeal." (Doc. #2 at 3; Doc. #4 at 19). The appeal was denied. (Doc. #2 at 3).

At some point, Engle also sought review, without success, in the United States Supreme Court. *Id*. at 4.

Returning to Engle's direct appeal, in April 2009 the Ohio Court of Appeals reversed his burglary and gross sexual imposition convictions and remanded his case for further proceedings. *Id*. In doing so, the Ohio Court of Appeals held that the trial court did not obtain a valid waiver from Engle of his right to counsel under the Sixth Amendment to the Constitution. *See* Doc. #2 at 2; *see also State of Ohio v. Engle*, __N.E.2d __, 2009 WL 1114349 (Ohio App. 2 Dist., April 17, 2009)). Given this holding, the Ohio Court of Appeals found Engle's remaining claims moot. (Doc. #2 at 2; *see Engle*, 2009 WL 1114349 at *4).

Although Engle was doubtlessly relieved that his convictions had been reversed, he wanted more than a remand for further proceedings; he wanted the Ohio Court of Appeals to find merit in his other claims. If so, Engle apparently reasons, the Ohio Court of Appeals would have reversed and dismissed the criminal case against him, rather than reversing and remanding for further proceedings. This is apparent from Engle's Petition because he next sought review, without success, in the Ohio Supreme Court, again asserting a claim of insufficient evidence and the other claims, which the Ohio Court of Appeals had not specifically resolved. *See* Doc. #2 at 2. The Ohio Supreme Court

3

declined to accept Engle's appeal in August 2009.  *Id*.

A few months earlier, in or near May 2009, Engle's criminal case returned (on remand) to the Montgomery County Court of Common Pleas where the prosecution again pursued criminal charges against Engle.  Engle's present habeas Petition does not specifically indicate that during those proceedings, he pled no contest to the burglary charge.  He alludes to his no contest plea in his Amended Motion for Preliminary Injunction and TRO by stating, "September 4, 2009, after being told by counsel Carl Goralaski, the very same attorney that promised Petitioner he would file his notice of appeal and did not, that he would spend the next year in prison if he did not plea[d] no contest."  (Doc. #4 at 16).  The occurrence of Engle's no contest plea is further confirmed by public records[2] held in the office of the Clerk of Court, Montgomery County, Ohio, which show that in early September 2009, Engle pled no contest to one count of burglary.  *See State of Ohio v. Raymond Engle*, case no. 07cr1128 (available online at the website of the Clerk of Court, Montgomery County, Ohio, http://www.clerk.co.montgomery.oh.us (public records search by case number 07cr1128)).  The trial judge accepted Engle's plea and sentenced him to time served.  *See State of Ohio v. Raymond Engle*, case no. 07cr1128 (September 2009 entries).

Engle states in his Motion for Preliminary Injunction and TRO that he filed a Notice of Appeal on September 18, 2009.  (Doc. #4 at 21).  The public record of Engle's appellate case, contains his Notice of Appeal and establishes that he is appealing the Termination Entry, in which the trial judge accepted his no contest plea.  *See State of Ohio v. Raymond Engle*, CA 23645, http://www.clerk.co.montgomery.oh.us (public records search by case number CA 23645) (September 18, 2009 Notice of Appeal).

---

[2]  The information in these public records is not subject to reasonable dispute because it is capable of accurate and ready determination and because its accuracy cannot be reasonably questioned. The Court therefore takes judicial notice of the information provided in these public records.  *See* Fed. R. Evid. 201; *see also Indiana State Dist. Council of Laborers v. OmniCare, Inc*., 583 F.3d 935, 942 (6th Cir. 2009).  This information does not, moreover, conflict with the information provided in Engle's present habeas Petition.

Most significantly for present purposes, Engle acknowledges in his habeas corpus Petition that he still has an appeal pending in the Ohio Court of Appeals, Second Appellate District, Montgomery County challenging the Court of Appeals' refusal to allow him to file a pro se supplemental brief. (Doc. #2 at 13). Engle explains in his Petition:

> Second District Court of Appeals – Montgomery County case #23645 refused to allow Petitioner to file pro se appeal; appointed Gary C. Schaengold. See Criminal Docket Statement where Petitioner did not request counsel – Am ... being forced to proceed with counsel – will file USCA §1983 on this issue.

(Doc. #2 at 13-24).

Engle raises the following claims in his present habeas petition:

GROUND ONE: Denial of Access to Court.

Supporting Facts: The record clearly shows Petitioner was too intoxicated to commit the acts alleged and that there exists a conspiracy to convict Petitioner by any means necessary.

GROUND TWO: Insufficient evidence, specific intent, voluntary intoxication and manifest miscarriage of justice.

Supporting Facts: The record fully reflects that Petitioner was too intoxicated to commit the allege acts in the indictment and that state agents committed fraud and/or perjury to convict the Petitioner.

GROUND THREE: The show-up identification and photo spread were suggestive and unfairly prejudicial.

Supporting Facts: The record admits that Detective Olinger alters evidence to make other evidence appear the same, and that the mandates of the United States Supreme Court were violated to preserve and present said evidence and/or pressure Petitioner to plea[d] guilty – dupe the jury.

GROUND FOUR: The trial court violated its jurisdiction when sentencing Petitioner.

Supporting Facts: Petitioner's indictment did not give the Petitioner Notice of the

5

>enhancement elements the Court imposed upon the Petitioner and/or the Legislators had not enacted the law the trial court imposed upon the Petitioner.

(Doc. #2 at 5-9).

Engle is not in prison. He states that he is "on parole" and is in custody for purposes of federal habeas corpus review under 28 U.S.C. §2254. (Doc. #4 at 11).

**III.    Analysis**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court..., alerting that court to the federal nature of the claim." *Reese*, 541 U.S. at 29 (citations omitted). To fairly present federal claims in the Ohio courts, a petitioner must raise the substance of them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004); *see also Fields v. Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001).

It plainly appears from the face of Engle's Petition, his Motions, and from public records that he is currently attempting to exhaust his claims in the Ohio Court of Appeals by way of a direct appeal. Because the record of this case presently establishes that Engle has yet to exhaust his claims in the Ohio courts, this case should be stayed to provide him an opportunity to do so. *See Wagner v. Smith*, 581 F.3d 410, 419-20 (6th Cir. 2009).

Turning to Engle's Motions for a temporary restraining order and a prelminary injunction, the purpose of such relief "is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *United Food & Comm. Workers Union v. Southwest Ohio Reg. Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998). Four factors apply:

> (1) whether the movant has demonstrated a likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the injunction will cause substantial harm to others if issued; and (4) whether granting the injunction will serve the public interest.

*Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009); *see Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Northeast Coalition for Homeless & Svs. Emplys. Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

The claims for relief Engle raises in his present habeas petition do not reveal that he has a strong likelihood of success in obtaining both a writ of habeas corpus and an Order requiring the expungement of his criminal record. This is especially so as to latter – the expungement he requests – because if he obtains a writ of habeas corpus, the writ alone would merely nullify the underlying criminal conviction; it would not generally preclude the State of Ohio from retrying him unless such additional relief was warranted at that future time. *See Gentry v. Deuth*, 456 F.3d 687, 696-97 (6th Cir. 2006).

In addition, part of the injunctive relief Engle seeks is based on the prior charge for gross sexual imposition, which was dismissed by the trial court at the time of his no contest plea to the burglary charge. Engle, therefore, is now on parole because of his burglary conviction only, not the prior charge of gross sexual imposition. Any injunctive relief he seeks in this case related to the charge gross sexual imposition is not available under §2254 since he is not in state custody on that charge. Lastly, a preliminary injunction is not warranted because the relief Engle seeks – a writ of habeas corpus and an expungement order – could be issued, if warranted, if any of his claims has merit. This means that any harm to Engle due to his burglary conviction is not irreparable since it would be fully remedied by the grant of a writ of habeas corpus and expungement (if warranted). Any further relief, particularly the monetary relief he seeks, is unavailable

under §2254.

Accordingly, Engle is not entitled to a temporary restraining order or preliminary injunction because he has not shown a strong likelihood of success or irreparable harm, and he has not shown that the applicable factors, when balanced together, weigh in favor of granting him such relief.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion and Amended Motion For Preliminary Injunction and Temporary Restraining Order and Mandamus (Doc. #3, 4) be DENIED;

2. The case be stayed until Petitioner exhausts his claims in the Ohio courts;

3. Petitioner shall promptly notify this Court of the exhaustion of his claims in state court; and

4. The case be administratively processed on the Court's docket until the stay is removed.

December 8, 2009

              s/ Sharon L. Ovington
              Sharon L. Ovington
             United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).