IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RAYMOND ENGLE,

:

    Petitioner,                                    Case No. 3:09-cv-451

:          District Judge Walter Herbert Rice
    -vs-                                      Magistrate Judge Michael R. Merz

TERRY J. COLLINS,

:

    Respondent.

## DECISION AND ORDER

        This habeas corpus case is before the Court on Petitioner's "Motion to Dismiss 1" (Doc. No. 19). Petitioner purports to bring the Motion under Ohio R. Civ. P. 50 which is the Ohio rule for directed verdict or judgment notwithstanding the verdict in a civil case in the Ohio trial courts. Procedure in federal habeas corpus cases is governed by the Rules Governing § 2254 Cases (the "Habeas Rules") and by the Federal Rules of Civil Procedure to the extent not inconsistent with the Habeas Rules. *Sibbach v. Wilson*, 312 U.S. 1, 14 (1940).

        However, instead of seeking the dismissal of anything, the substance of the Motion is a request for extensive discovery. Habeas Rule 6 does not authorize discovery in habeas cases as a matter of course, but only upon a showing of good cause. *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the

materiality of the information requested is on the moving party.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir. 2000).  "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974, (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

The instant Motion, construed as a motion for discovery, does not meet the standards provided in Habeas Rule 6 and the Motion is therefore DENIED.

The case is also before the Court on Petitioner's Motions to Dismiss II and III (Doc. Nos. 20, 21).  Petitioner asks that this case, which he brought, be dismissed because of asserted incompleteness in the Answer.  The Motions are stricken for failure to file a certificate of service on the opposing party as required by Fed. R. Civ. P. 5(d).

This case is also before the Court on Petitioner's Motion for Appointment of Counsel (Doc. No. 22).  There is no constitutional or statutory right to appointment of counsel in habeas corpus cases generally.  Given the scarcity of resources for compensating appointed counsel, this Court reserves appointment for those cases in which an evidentiary hearing is required, as provided in the

Criminal Justice Act, 18 U.S.C. 3006A.  The Motion for Appointment of Counsel is therefore denied.

October 2, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

4