# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAYMOND ENGLE,

    Petitioner,

    -vs-

TERRY J. COLLINS,

    Respondent.

:

:

:

Case No. 3:09-cv-451

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 29). Upon those Objections, District Judge Rice has recommitted the matter to the Magistrate Judge for reconsideration (Doc. No. 30).

Petitioner's **first objection** (PageID 965-866) is to the Magistrate Judge's Decision and Order of October 2, 2012 (Doc. No. 27) which struck Petitioner's Motions to Dismiss 2 (Doc. No. 20) and 3 (Doc. No. 21) "for failure to file a certificate of service on the opposing party as required by Fed. R. Civ. P. 5(d)." (Doc. No. 27, PageID 939.) Petitioner's Objection draws the Court's attention to the following language:

> Certificate of Service
>
> I, Raymond Engle, do certify pursuant to 28 U .S.C. § 1746 that copies have been severed on the following: Michael DeWine, Ohio Attorney General, Gene D. Park, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215; but, not limited too and including Motion To Dismiss 1, II, and III; Order for Contempt; Order for Judgment due to judicial admission; and, Stay pending this Court's ruling on

1

Judgment of acquittal.

(Objections, Doc. No. 29, PageID 966, quoting Objection, Doc. No. 17, PageID 866.) Thus Petitioner relies on a blanket certificate of service for seven different court filings. But Fed. R. Civ. P. 5(d) does not permit such a blanket certificate. Instead, it requires a certificate of service be filed with "any paper" filed with the Clerk.

Petitioner's **second objection** (PageID 966-967) is to the Magistrate Judge's refusal to allow him to conduct discovery in this habeas corpus case under the discovery rules in the Federal Rules of Civil Procedure. He cites four cases in support of the proposition that general civil discovery is permissible. However, all four of them were handed down before the 1976 adoption of the Rules Governing § 2254 Cases which require court permission in advance and *Bracy v. Gramley*, 520 U.S. 899 (1997), in which the Supreme Court laid out the standard for granting discovery in habeas cases.

Petitioner's **third objection** (PageID 967) is that Respondent failed to comply with Magistrate Judge Ovington's Order (Doc. No. 13) to file a response to Petitioner's Motion to Reinstate and that this Court should therefore have sanctioned respondent with dismissal under Fed. R. Civ. P. 37. This objection is not well taken because: (1) the proper sanction for not opposing a motion is to grant the motion, which this Court has done by reinstating this case; (2) Rule 37 applies to failures to make discovery in civil cases, but Judge Ovington's Order was not a discovery order; (3) dismissing the case would sanction Petitioner, since it is his case.

Petitioner's **fourth objection** (PageID 968) is that "Magistrate Judge Merz alleges this Pro Se Defendant is barred due to res judicate [sic]." The term "res judicata" is not used in either of the documents I have filed in this case.

2

In the Report and Recommendations (the "Report," Doc. No. 29), I noted that Engle's conviction for gross sexual imposition had been vacated by the court of appeals on direct appeal and then the charge of gross sexual imposition was dismissed with prejudice on remand. *Id.* PageID 946. Petitioner's **fifth objection** (PageID 968) is that this "begs the question" and he "reminds this court of Respondent's obligation to prove that this Pro Se Petitioner was ever served notice of this fact; and, Petitioner questions this court's interpretation of the record as opposed to the interpretation the Sixth Circuit has pronounced on this issue." *Id.*

Petitioner refers the Court to *Engle v. Wiseman*, No. 10-3633 (6th Cir. Jun 29, 2011)(unreported, copy at PageID 874-877). That Order of the Sixth Circuit affirmed this Court's decision in *Engle v. Wiseman*, No. 3:10-cv-039, 2010 U.S. Dist. LEXIS 32927 (S.D. Ohio Mar. 31, 2010). The Sixth Circuit expressly says "The Ohio Court of Appeals held that Engle's waiver of counsel was not constitutionally valid, vacated the judgment of conviction, and remanded. . . . On remand, Engle entered a plea of no contest to the burglary charge and was sentenced to time served. . . . "Engle's conviction for gross sexual imposition, however, was vacated by the Ohio Court of Appeals." Slip Opinion at 2, PageID 874-876. The Magistrate Judge's interpretation is completely consistent with that of the Sixth Circuit.

Furthermore, the Entry and Order dismissing the gross sexual imposition charge is at the second page of Exhibit 22 to the Return of Writ, PageID 383. Assistant Attorney General Park, Respondent's counsel in this case, has certified that he served a copy of the Return of Writ on Petitioner on July 10, 2012 (Return, Doc. No. 16, PageID 187).

Petitioner's **sixth objection** (PageID 969-972) relate to this Court's refusal to grant Petitioner an evidentiary hearing, relying on *Townsend v. Sain*, 372 U.S. 293 (1963), and *Brown v.*

3

*Allen*, 344 U.S. 443 (1953). In this respect those cases have been overruled by Congress' adopting the Antiterrorism and Effective Death Penalty Act of 1996. *See Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011).

Petitioner's **seventh objection** (PageID 971-979) complains that he never got a full and fair hearing on his issues in the first proceeding before Judge John Kessler. All of these issues became non-issues when the Second District Court of Appeals vacated his convictions for burglary and gross sexual imposition. When the court of appeals vacated the judgment and remanded the case, Engle was entitled to a complete re-do of the proceedings. Instead of standing on his rights, he accepted the State's offered plea agreement: no contest to the burglary with a sentence of time served and dismissal of the gross sexual imposition. He cannot litigate in this habeas corpus court any issues of unfairness about the first proceeding because he is not in custody as a result of Judge Kessler's judgment. However much aggrieved Mr. Engle feels about what happened to him during the first trial, those issues are legally moot for purposes of habeas corpus.

Petitioner's **eighth objection** (PageID 979-982) complains of Judge Kessler's classification of Engle as a sex offender. That issue is moot because the gross sexual imposition charge has been dismissed with prejudice. Engle thinks it is not moot because he says

> So, now on the Internet – where it can not be withdrawn – The Defendant is socially considered – what? A rapist and/or Tier 1 sex offender/child victim offender! Defendant [sic] calls it slander, defamation, and libel. Because of a prefabricated lying public record!" Manufactured by one Honorable John W. Kessler in direct violation of the Ex Post Facto Clause of the United States Constitution to character assassinate a "three time loser" that said hyperbola [sic] could easily be considered as reality.

(Objection, Doc. No. 29, PageID 980.) The Magistrate Judge was unable to find any internet

4

reference to classification of Engle as a sexual offender. If he continues to insist that it is "on the Internet," he is ordered to provide this Court with the uniform resource locator at which it can be found. Claims for libel, slander, or defamation against Judge Kessler could not be brought in a habeas corpus action. In any event, Engle already sued Judge Kessler over his involvement in this matter in Case No. 3:10-cv-039 and that case was dismissed with prejudice and the dismissal affirmed by the Sixth Circuit. *Engle v. Wiseman, supra.* Any attempt now to assert a claim against Judge Kessler would be barred by *res judicata*, as well as by the doctrine of judicial immunity which the Sixth Circuit applied in the prior case.

Petitioner's **ninth objection** (PageID 983-987) appears to be that he received ineffective assistance of trial counsel when he pled no contest to the burglary charge on remand. No claim for relief on this basis is made in the Petition; Engle's Fifth Ground for Relief is about ineffective assistance of appellate counsel.

Petitioner's **tenth objection** (PageID 987) is that the Magistrate Judge says his gross sexual imposition charge was "vacated and then dismissed with prejudice" when in fact the GSI charge was "nollied." As pointed out above and shown by the judgment entry signed by Judge Wiseman, the GSI charge was "dismissed." See PageID 383.

**Conclusion**

Having reviewed the case in light of Petitioner's Objections, it is again respectfully recommended that the Petition be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would not be taken

5

in objective good faith and should therefore not be permitted to proceed *in forma pauperis*.

October 15, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).