# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAYMOND ENGLE,

    Petitioner,

:

Case No. 3:09-cv-451

:

    -vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

TERRY J. COLLINS,

:

    Respondent.

## DECISION AND ORDER; SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 32) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 31). Judge Rice has recommitted the matter for reconsideration in light of the Objections (Doc. No. 41). The case is also before the Court on eight other Motions filed by Petitioner on October 26, 2012 (Doc. Nos. 33, 34, 35, 36, 37, 38, 39, and 40).

**Authority of Magistrate Judge Merz**

In his Motion to Strike (Doc. No. 39), Petitioner seeks to have virtually all orders and reports filed by the undersigned stricken on the ground that I am not assigned to this case. At the time this case was filed, all habeas corpus cases were randomly assigned to one of the two Magistrate Judges resident at Dayton by the Court's General Order of Assignment and Reference. When Magistrate Judge Newman joined the Court in July, 2011, these cases were

1

randomly assigned among all three Magistrate Judges. However, the same Order permits the Magistrate Judges to transfer cases among themselves in order to, inter alia, balance the workload. This case was transferred from Magistrate Judge Ovington to Magistrate Judge Merz by Transfer Order signed by both of them and filed October 2, 2012 (Doc. No. 26). The Motion to Strike orders and reports filed by the undersigned is DENIED.

**Completeness of the Answer**

In his Motion for Order (Doc. No. 40), Petitioner seems to be asserting that *Brady v. Maryland*, 373 U.S. 83 (1963), governs the contents of answers/returns of writ in habeas corpus cases and the Return of Writ in this case fails in that regard.

As a matter of law, the contents of a return of writ are governed by Rule 5 of the Rules Governing § 2254 Cases. The Court finds that the Return of Writ in this case is completely adequate to the decision of the case. The Motion for Order is DENIED.

**Motion to Amend**

Petitioner moves (Doc. No. 37) to amend his Petition to add twenty new claims for relief. These are all cut and pasted from various prior state court filings and Petitioner asserts he is entitled to add them to this case because his state court remedies for them are exhausted.

The last state court action on Engle's direct appeal was the declination of jurisdiction by the Ohio Supreme Court September 29, 2010. *State v. Engle*, 126 Ohio St. 3d 1585 (2010). 28 U.S.C. § 2244 provides a one-year statute of limitations which runs from when a judgment of

conviction becomes final on direct appeal.  Thus the statute of limitations ran in this case on September 29, 2011.  The Motion to Amend was filed more than one year later.  Amendments adding new claims to habeas corpus petitions do not relate back to the initial filing date.  *Mayle v. Felix*, 545 U.S. 644 (2005).  Mr. Engle's proposed twenty new claims are therefore barred by the statute of limitations and adding them to the Petition would be futile.  The Motion to Amend is DENIED.

**Motion to Strike**

Petitioner moves (Doc. No. 38) to strike Respondent's First Motion for Extension of Time (Doc. No. 15) on the grounds it was filed May 25, 2012, but not mailed to Petitioner until May 30, 2012.  The attached copies of correspondence from Respondent's counsel demonstrates the accuracy of Mr. Engle's representations.  Fed. R. Civ. P. 5(d) requires that papers served on other parties must be filed within a reasonable time after service.  Conversely, this means that services must be made at or before the time of filing.  Respondent's service of his First Motion for Extension of Time five days after it was filed did not comply with Fed. R. Civ. P. 5.

Mr. Engle complains that this somehow deprived him of his First, Fifth, and Fourteenth Amendment constitutional rights to fully participate in this matter.  Yet he never opposed the extension of time once he did receive notice and he has shown no way in which he was prejudiced, particularly since he is no longer in custody.

The Court finds that striking the Motion is an unnecessary sanction, given that no prejudice has been shown.  The Motion to Strike (Doc. No. 38) is DENIED.

**Motion for Summary Judgment 1**

In his Motion for Summary Judgment 1 (Doc. No. 33), Mr. Engle complains that his rights under the Double Jeopardy Clause were violated when he was sentenced for both an offense and a lesser included offense. He asserts that this test was satisfied when he was convicted and sentenced for both Count I of the Indictment, burglary committed with the intent to commit gross sexual imposition, and Count II, the gross sexual imposition. He correctly cites the governing constitutional standard, *Blockburger v. United States*, 284 U.S. 299 (1932), but misapplies it. The test for whether two offenses constitute the same offense for Double Jeopardy purposes under *Blockburger* is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993). Burglary with intent to commit a felony does not require proof that the felony was actually committed, but only that the unlawful entry was committed with the purpose of committing a felony. Conversely, proof of gross sexual imposition does not require proof that it was done inside a house which had been burgled.

Petitioner's Motion for Summary Judgment 1 is without merit and should be denied.

**Motion for Summary Judgment 2**

In his Motion for Summary Judgment 2 (Doc. No. 34), Petitioner repeats the arguments he makes in his Motion for Order (Doc. No. 40). They are without merit as set forth above. Even if they had merit, they would not support summary judgment. Petitioner's Motion for Summary Judgment 2 should be denied.

**Motion for Summary Judgment 3**

In his Motion for Summary Judgment 3 (Doc. No. 35), Mr. Engle seeks summary judgment on the basis of what he persists in calling a judicial admission by the prosecutor in closing argument that the State did not have to prove as a matter of fact that the ability of the victim in this case to resist or consent to sexual contact with Engle was substantially impaired by the mental or physical condition of being asleep. Mr. Engle argues that "Respondent is attempting to entice this Court to rule said matter a fact in law; and for this Court to rule such would violate jurisdictional matters as to subject matter; and, would this and others in similar circumstances of the right to litigate said matter in State Courts." *Id.* at PageID 1015.

Whatever rights Mr. Engle may have to litigate this issue in the state courts, he has no right to litigate it in this case because the gross sexual imposition charge has been dismissed with prejudice. Because Mr. Engle is not in custody on that charge, he cannot litigate issues relating to it in habeas corpus. Motion for Summary Judgment 3 should be denied.

**Motion for Summary Judgment 4**

In his Motion for Summary Judgment 4 (Doc. No. 38), Mr. Engle complains that on September 19, 2007, Common Pleas Judge John Kessler filed a Termination Entry designating Mr. Engle a Tier 1 sex offender/child victim offender under a statute which did not become effective until January 1, 2008. *Id.* at PageID 1017. Engle further complains that he was not notified of this Entry until February 24, 2008.

This action of the Common Pleas Court, whether or not constitutional, was vacated when

5

Petitioner's convictions for burglary and gross sexual imposition were vacated by the Second District Court of Appeals. Any possibility of reimposing it disappeared when the charge of gross sexual imposition was dismissed on remand by Judge Wiseman. This argument is completely moot because Engle is not in custody and can never be in custody on the gross sexual imposition charge and the Court has no jurisdiction to adjudicate it in habeas corpus. The Motion for Summary Judgment 4 should be denied.

**Objections to Supplemental Report and Recommendations**

In his Objections (Doc. No. 32), Engle raises a number of objections to the Magistrate Judge's Supplemental Report and Recommendations which will be considered seriatim

First Engle objects to the Magistrate Judge's construction of his argument about the prosecutor's statement in closing about the victim's being substantially impaired by being asleep. This is the same argument, virtually verbatim, made in Motion for Summary Judgment 3 (Doc. No. 35). It is moot and beyond our habeas jurisdiction for the reasons given above.

Second, Engle objects that he has not procedurally defaulted his "Res Judicate, Ex Post Facto issue." *Id.* at PageID 997. He quotes at length (PageID 997-1001) an argument he requested his appellate attorney to include in his appeal to the Second District Court of Appeals which was not included. The Objection relates to a moot issue because the ex post facto claim relates to the gross sexual imposition charge which has been dismissed with prejudice.

Engle then threatens to sue the undersigned over what he characterizes as my "arrogant, ill mannered representations." *Id.* at PageID 1002. Petitioner is referred to the doctrine of judicial immunity and the results of his having sued other judges. He is reminded that his *pro se*

6

status will not shield him from sanctions under Fed. R. Civ. P. 11.

Engle objects to the use of the PageID number reference in judicial filings. That number is applied automatically in the upper right hand corner of each page of a document filed in a case in this Court and is required by the Sixth Circuit Court of Appeals as a consistent, unique reference to the place in the record where a given matter may be found.

Engle objects on an *ex post facto* basis to the application of *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), to deny him an evidentiary hearing in this case. Pinholster is an interpretation by the Supreme Court of the Antiterrorism and Effective Death Penalty Act of 1996. The AEDPA has been effective since April 24, 1996, and applies to all habeas corpus cases filed after its effective date, including this one. The Supreme Court did not modify any substantive rights in *Pinholster* and applied the doctrine to the case in which it was decided. It is plainly applicable here.

Finally, Engle argues the Supplemental Report should be stricken from the record because the undersigned has no jurisdiction to be involved in the case. Apart from the Transfer Order, Petitioner's attention is directed to Judge Rice's Recommittal Order (Doc. No. 30) which expressly recommitted the matter to the undersigned to consider Petitioner's Objections to the original Report and Recommendations.

**Conclusion**

Having reconsidered the case in light of the Objections and Petitioner's Motions for Summary Judgment 1, 2, 3, and 4, it is again respectfully recommended that all five of Petitioner's summary judgment motions be denied and the Petition be dismissed with prejudice.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objectively good faith.

October 29, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).